|  | UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>FORT MYERS DIVISION |
|---|---|
| FRANCISCO GUTIERREZ,<br><br>    Plaintiff,<br><br>v.<br><br>PERFORMANCE TRANSPORTATION, LLC, a Foreign Corporation; and KEITH HAROLD SMITH, an individual,<br><br>    Defendants. | CASE NO. _____<br><br>(Hendry County Circuit Court<br>Case No. 19000817CAAXMX) |

## NOTICE OF REMOVAL

Defendant Keith Harold Smith ("Smith") with the consent of Defendant Performance Transportation LLC ("Performance"), removes this action from the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida to the Fort Myers Division of the United States District Court for the Middle District of Florida, on the basis of diversity jurisdiction and states:

## Grounds for Removal

1. This action arises from a February 1, 2018, motor vehicle accident near Clewiston in Hendry County, Florida involving a Performance tractor-trailer driven by Smith and an automobile driven by Gutierrez.

2. On November, 22, 2019, Gutierrez filed suit against Performance and Smith in *Gutierrez v. Performance Transportation, LLC, et al.*, Case No. 19000817CAAXMX in the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida. [Complaint, attached as Exhibit "1"].

3. Gutierrez alleges he suffered "significant injuries" in the collision. [Complaint ¶13]. These injuries include "significant bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of the capacity for enjoyment of life experienced in the past and to be experienced in the future." [Complaint ¶17].

4. Gutierrez previously made a demand to Defendants for $10 million as a result of his alleged injuries from the accident. [March 4, 2019, Demand Letter, attached as Exhibit "2"]. He chiefly contends he needs a shoulder rotator cuff arthroplasty and continues to suffer cervical pain. Defendants dispute Gutierrez's damages, if any, and causation of same, but Gutierrez contends that the amount in controversy in this case exceeds $75,000.

5. Five months later, Gutierrez, again, demanded $10 million from Defendants as a result of his alleged injuries from the accident. [August 26, 2019, Demand Letter, attached as Exhibit "3"]. This second demand contained medical documents pertaining to surgery on the issues identified in the March demand letter. Defendants dispute Gutierrez's damages, if any, and causation of same, but Gutierrez contends that the amount in controversy in this case exceeds $75,000.

6. Gutierrez is a citizen of Florida.

7. Smith is a citizen of South Carolina.

8. According to public records readily available, Performance is not a citizen of Florida.

9. Performance consents to the removal of this action.

10. Smith has paid the applicable filing fee along with the filing of this Notice of Removal.

11. A complete copy of all process, pleadings, and orders served on Defendants in the underlying action are filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). [State Court File, attached as Exhibit "4"].

12. This Court embraces the Circuit Court of the Twentieth Judicial Circuit in and for Hendry, County, Florida—the forum in which the removed action was pending. 28 U.S.C. §1446(d).

13. Smith will served a copy of this Notice on Gutierrez and promptly file a copy of the Notice of Removal in the underlying removed action.

14. By filing this Notice of Removal, Defendants do not waive any defense available to them, including but not limited to insufficiency of process, personal jurisdiction, venue, or any other defense.

## **Memorandum of Law**

Removal of this action is appropriate. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original diversity jurisdiction because this is a civil action involving citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

There is complete diversity of citizenship among Gutierrez and Defendants. *See Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806). Gutierrez is a citizen of Florida. [Complaint ¶1]. Smith is a citizen of South Carolina. [Complaint ¶3; Return of Service]. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

to remain there."). According to public records readily available, Performance is not a citizen of Florida. 28 U.S.C. §1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]") There is complete diversity of citizenship.

The amount in controversy exceeds the jurisdictional requirement for removal under diversity jurisdiction. This Court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" Where the complaint does not demand a specific amount of damages, removal is proper if the removing defendant can establish that the amount in controversy exceeds the jurisdictional amount. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Here, Gutierrez alleges "[t]he amount in controversy exceeds $15,000.00, absent attorney's fees, costs and interest." [Complaint ¶5]. His presuit demand contends he needs shoulder surgery, and has significant and permanent neck and shoulder injuries that severely affect his daily activities. [Demand Letter]. As a result, he has demanded $10 million to resolve this matter. While Defendants dispute this, the amount in controversy clearly exceeds $75,000.

The removal is procedurally proper. The removal is timely. Further, all Defendants consent to and join the removal of this action. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action" and "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(A); (C). As such, removal is proper.

WHEREFORE Smith removes this action from the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida to the Fort Myers Division of the United States District Court for the Middle District of Florida.

Respectfully submitted,


*/s/ Cameron W. Eubanks*
Edward J. Briscoe
Fla. Bar No. 109691
Email: ebriscoe@fowler-white.com

Ira J. Gonzalez
Fla. Bar No. 92408
Email: igonzalez@fowler-white.com

Dane L. Stuhlsatz
Fla. Bar No. 1010881
Email: dstuhlsatz@fowler-white.com

Cameron W. Eubanks
Florida Bar No. 85865
Email: ceubanks@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Cameron W. Eubanks*
Cameron W. Eubanks

**SERVICE LIST**

Michael S. Lotto, Esq.
The Ward Law Group, PL
7975 NW 154th Street
Suite 306
Miami Lakes, Florida 33016
Telephone (305) 209-0613
E-mail: pleadings@gwardlaw.com
litigation@gwardlaw.com
gward@gwardlaw.com

*Counsel for Plaintiff*