| | | |
|---|---|---|
| **ORLANDO OFFICE**<br>TEL: 407.986.0613<br>FAX: 954.252.3975<br>1007 W EMMETT ST.<br>KISSIMMEE, FL 34741 |  | **MIAMI OFFICE**<br>TEL: 305.209.0613<br>FAX: 954.252.3975<br>7975 NW 154TH ST.<br>SUITE 306<br>MIAMI LAKES, FL 33016 |

August 26, 2019

**Sent via certified mail:**
Attn: Ira Gonzalez
Fowler White Burnett
Brickell Arch
Fourteenth Floor
1395 Brickell Avenue
Miami, FL 33131
igonzalez@fowler-white.com

**TEN (10) DAYS TIME LIMIT DEMAND**
-Not admissible in evidence in underlying claim-

RE:

| | |
|---|---|
| **MY CLIENT:** | **Francisco Gutierrez** |
| **YOUR INSURED:** | **Performance Food Group** |
| **CLAIM NUMBER:** | **1201-AL-18-0501146-002** |
| **DATE OF LOSS:** | **February 1st 2018** |

Dear Ms. Gonzalez,

As you are aware, the undersigned represents **Mr. Francisco Gutierrez** as result of **significant** and **permanent** injuries he sustained in an automobile collision, which occurred on the above date. Please see attached the following

- Updated Records from Independent Imaging
- Updated records from All Pro Imaging
- Surgical Report from Weston Outpatient Surgical Center
- Pre-Operative Clearance Reports
- Updated bills

**Mr. Gutierrez's economic (non-income) damages are as follows:**

| | |
|---|---|
| Hendry County EMS | $ 610.80 |
| Hendry Regional Medical Center | $ 8,487.76 |
| Radiology | Forthcoming |
| ER Physician | Forthcoming |
| Nelson Chiropractic & Rehab | $ 5,168.00 |
| OrthoOne | $ 406.00 |

| | |
|---|---|
| Independent Imaging MRI | $ 3,332.00 |
| Advanced Orthopedics | $ 752.00 |
| All Pro Ortho | $ 46,639.72 |
| Cardiology Partners | $ 261.04 |
| Surgery Service of South FL | $61,457.00 |
| **TOTAL:** | **$ 127,114.32+** |

### LOSS OF ENJOYMENT OF LIFE

Mr. Gutierrez continues to suffer impaired function, as well as pain daily, and has suffered a loss of enjoyment of daily, work, domestic, hobby, and leisure activities. As such, we are making a loss of enjoyment of life claim, which is supported by the chart notes in this case, all of which show the residual losses in this case. There are inabilities to participate in recreational activities, a moderate impact on domestic activities, daily activities and his ability to sleep.

### CONCLUSION

Given the severity of Mr. Gutierrez's injuries and economic damages and taking all of the facts and circumstances in their totality, we are making a pre-suit demand in the amount of your insured's policy limits of **TEN MILLION ($10,000,000.00) DOLLARS** as full and final settlement of the bodily injury portion of this claim.

Based on the disclosure, and assuming that there is only **TEN MILLION ($10,000,000.00) DOLLARS** of insurance coverage available for our clients' injuries and damages, then, in an effort to compromise and fully settle this claim, we are hereby willing to accept from you the total sum of TEN MILLION ($10,000,000.00) DOLLARS, provided it is tendered within TEN (10) days of the date of this letter. Our offer is, of course, based on this amount being the total available liability coverage and is subject to permission from any available Uninsured/Underinsured Motorist coverage.

The coverage of **TEN MILLION ($10,000,000.00) DOLLARS**, alone is significantly less than conservative jury verdict in this case. Accordingly, if Corvel Corporation (Performance Food Group) does not settle this case now, it would be deemed as acting in bad faith. At a bad faith excess trial, this letter and all other information contained in your files will be received as exhibits by the jury. The insurance carrier will be required to explain why it did not make a good faith offer of the total policy limits and why it refused to settle this case for the amount of money which is being offered to settle the case at the present time.

Florida Statute 624.155 creates a supplemental cause of action against insurance carriers for acting improperly failing to tender policy limits when a reasonably prudent insurer would do so. The best understanding of this good faith settlement obligation is expressed in Florida Standard Jury Instruction MI.3.1, which states:

> *An insurance company acts in bad faith in failing to settle a claim against its insured within its policy limits when, under all of the circumstances, it could and*

> *should have done so, had it acted fairly and honesty towards its insured and with due regard for his interest.*

Most importantly, the insurance carrier must advise its insured of settlement opportunities, advise them of the probable outcome of the lawsuit, and explain the possibility and consequences of an excess verdict. They must explain how an excess judgment can be avoided, if possible.

Copies of all referenced medical records and bills are enclosed. The information enclosed herewith should be sufficient to evaluate the extent of Mr. Gutierrez's injuries. If you claim you need more information or medical records to evaluate Mr. Gutierrez's claim, please notify me in writing within 10 days of your receipt of this demand package.

If your evaluation of this claim is less than the settlement demand, please breakdown your offer of settlement outlining specifically the value you are assigning to each component of our client's damages (i.e. general damages, wage loss, duties under duress, loss of enjoyment of life, etc.). If your policy limits are less than the amount requested, we request a certified copy of declaration pages of all policies available to defendant, along with an affidavit of no additional coverage from your insured. Additionally, if your evaluation is reflects any amount of comparative negligence being attributed to Mr. Gutierrez, we request a written explanation of why that determination was made, and to what degree.

Please be advised of our willingness to resolve this for policy limits within the next TEN (10) days. Thus, during the next TEN (10) days, Corvel Corporation (Performance Food Group) has the opportunity to control their insured's and their own exposure. Beyond that, this becomes a claim with unlimited coverage.

Let me make it perfectly clear that it is neither our desire nor our wish to proceed to litigation; however, if this matter is not settled within TEN (10) days, we will have no alternative but to proceed with litigation, have a trial and hold your insured fully responsible for the resulting excess verdict. Please inform your insured, in writing, with a copy to the undersigned, of our willingness to settle this claim within the policy limits and release you and your insured.

**Please deliver a settlement check TEN MILLION ($10,000,000.00) DOLLARS to our Miami Lakes office on or before close of business on September 5, 2019, payable to The Ward Law Group Trust account. At 5 p.m. on September 5, 2019 this offer expires by its terms. Our tax identification number is 46-1231883.**

Very truly yours,

Jany Martinez-Ward

JMW/jmj
Enclosures